May 29, 1939

Honorable C. I. Nicholson, Chairman
Committee on Municipal and Private Corporations
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-843
Re:  The constitutionality
of H. B. 1076 which provides
that the commissioners' court
of any county having a popula-
tion of not less than 320,000
or more than 340,000 inhabitants,
according to the last preceding
Federal census, to borrow money
by the issuance of relief bonds,
for the purpose of providing cer-
tain necessities to the needy and
distressed people in said county.

We have your letter of May 19th, requesting our
opinion as to the constitutionality of the above mentioned
bill.

After careful study and analysis of the bill in
question, we are of the opinion that it attempts to enact
a local law, and therefore falls within the prohibitions
made by Article 3, Sections 56 and 57 of the Constitution
of the State of Texas.

Section 56, Article 3 of the State Constitution pro-
vides, in part, as follows:

"The Legislature shall not, except as other-
wise provided in this Constitution, pass any
local or special laws, authorizing . . . ."

regulating the affairs of counties, cities, towns, wards or school districts. . . and in all other cases where a general law can be made applicable, no local or special law shall be enacted; provided, that nothing herein contained shall be construed to prohibit the Legislature from passing special laws for the preservation of game and fish of this State in certain localities."

Section 57, Article 3 of the State Constitution reads as follows:

"No local or special law shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall state the substance of the contemplated law, and shall be published at least thirty days prior to the introduction into the Legislature of such bill and in the manner to be provided by law. The evidence of such notice having been published, shall be exhibited in the Legislature, before such act shall be passed."

After consulting the last preceding Federal census we find that only one county in the State falls within the population bracket fixed in the bill, that county being Dallas County.

In Bexar County v. Tynan, 97 S. W. (2) 467, the Supreme Court of Texas, speaking through the Commission of Appeals, held unconstitutional House Bill No. 490(Vernon's Ann. Civ. Statutes, Article 3912-b), which provided that in counties in which the population was as much as 290,000 and less than 310,000, according to the last preceding Federal census, the precinct and county officers should retain from fees of office certain named amounts, the result being that in such counties the retained compensation was greatly reduced from what was allowed by the prior laws.

At the time said bill was enacted only one county fell within the population bracket fixed therein, such county being Bexar County.

Careful study of the above referred to case and the authorities therein cited has convinced us that House Bill No. 1076 falls squarely within its purview.

We think that whether the act or bill in question is to be regarded as special and whether its operations would be uniform throughout the State depends upon whether the population affords a fair basis for the classification of counties with reference to matters to which it relates and whether the result it would accomplish is in fact a real classification upon that basis and not a designation of a single county to which alone it would apply under the guise of such classification. The bill in question was so drawn that it is general in form but only applies at this time to Dallas County and probably would never apply to another county. We believe that a county can be designated by description just as effectively as it can be named and that the application of this bill is so inflexibly fixed as to prevent it ever being applicable to other counties.

Furthermore, the bill submitted is not considered a proper legal basis for the approval of the bonds by this department.

Since the bill, in our opinion, is unconstitutional for the reason above set out, we deem it unnecessary to discuss any other grounds of unconstitutionality which may be embraced in it.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

(signed)
Claud C. Boothman

By

Claud C. Boothman
Assistant

CCB-s
APPROVED:
(signed)
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS